RECEIVED IN CLERK'S OFFICE
DATE 9/13/21

2150CR00110 (?)
2150CR001101

# Affidavit of Fact and Writ of Error

Sui juris  I am, that I am Tariff Sharif Bey in Propria Persona Moor-American National as proven by my National Identification Card that I entered on the record at the 58A Hearing on 7/13/21, that the court has refused to submit and file for the record so that the record could reflect.

My National Identification is up to date and federal credintials that is proven by the lawsuit filed In propria person following a injury in 2019. (See) Tariff Sharif Bey v. Renae Petterson et al. (See) 18 USC 1028, Department of Justice CRM 1508.

I am not a citizen of the U.S. corporation as defined in United States Codes. 28 USC 3002(15)(A). I am a Citizen of the Free National Government of Morocco. According to the Sundry Free Moors Act of 1790 I am a Free White Citizen protected by common law, Divine law and The American Constitution.

I am human. Not Negro, Black, Colored person Mulatto or other Artificial Character class created by the Social construct of race. (See) Dingey v. Spencer. Exercising the divine and common law right to jus Postliminii in accord to the high principles of Love, Truth, Peace, freedom and justice.

The Treaty of Peace and Friendship 1786-1787 between my nation, the Empire of Morocco and the United States of America being Supreme law of the Land with the Constitution for the United States of America must be respected, protected and upheld.

The assistant district attorney Geoffrey Graham Van Epps has fraudulently fabricated evidence despite all the evidence I submitted. To denationalize me and brand me as a United State citizen to fraudulently gain jurisdiction and avoid the lawful venue prescribed in the Treaty and the Constitution for the United States. These acts are treasonous and a clear

Violation of the Oath all judicial officers are bound by according to Article VI of the Constitution for the United States of America, and the persecuter is not to allege claims against you. (see) Allen V. McCulley.

These facts are a clear violation of my due process rights. To insure I have a fair and just trial I have and am requesting the venue be corrected according to the treaty and the Constitution for the United States of America.

The United States was formed by the political family that came into existance after the Declaration of Independence, and was created by and for their posterity, not mine this facts calls in effect diversity of citizenship (28 USC 1332) therefore the only lawful venue is federal court. I am not and could never be a citizen of the European Union therefore if I am being charged with a crime it must be done within the constitutionally prescribed and correct jurisdiction or the ruling would be extrajudical, null and void. (See) 90th Congress 1st Session volume 113 part 12 June 12th 1967 page 15641-15646, which states the 14 amendment is unconstitutional and was never lawfully ratified. Therefore those Moors branded BLACK and other bywords are not citizens of the United States or the several States and all disputes must be litigated in federal courts according to the Treaty of Peace and Friendship 1787 and the Constitution for the United States of America. Any other venue is without jurisdiction and can give judgement for either party, because if a judge acts where they have no jurisdiction they are engaged in treason. (See) U.S. V. Will, Cohens V. Virginia.

DATE RECEIVED CLERK

The fact I am aboriginal and indigenous to the Americas and a Moor American National I cannot be forced to assimalate and I have a right to my nationality. (See) The Declaration on the rights to Indigenous People (See) Art. 6, 8.

All courts if lawful, must respect the herein listed facts being they make up the Supreme law of the land. I am Tariff Sharif Bey Natural born Moor-American Citizen of the Free National Government of the Moorish/Moroccan Empire enforcing the Supreme law of the land and all Natural Divine rights, as well as my Common law right to jus postliminii in accord with the high principles of Love Truth Peace Freedom and Justice.

The Act of State Doctrine calls for this case to be dismissed being I am a Moorish American National and the Act of State Doctrine States 'every Sovereign State is bound to respect the independence of every other Sovereign State and courts of one State will not sit in judgment of another governments act done within its own territory.

In conclusion all the alleged charges are Statutory and must yield to treaty applications. Also most of them have already been deemed unconstitutional, I therefore request this case be dismissed for lack of jurisdiction, Violation of due process and technical error. (See) De Tenorio V. McGowan, Deveraux V. Abby.

Peace from the Moorish/Moroccan Nation.

Under penalty of perjury and persecution from the Moorish nation, do declare all the statements made herein are true factually based and not made for any ill will so help me Allah.

*[signature]*



Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States.



## To: MALDEN DISTRICT COURT

Notice to the agent is notice to the principal, notice to the principal is notice to the agent. UCC 1-202: notice, knowledge. An instrument is deemed in law, filed at the time it is delivered to the clerk. See *Biffe v. Morton Buhler, Inc.*, 785 S.W. 2d 143, 144 (tex. 1990).

***To be filed with the applicable case number***  2181CR363-001, 2150CR00110I

COMMONWEALTH OF MASSACHUSETTS                Plaintiff

v.

Tariff Sharif Bey
[AARON LAMONT JOHNSON]                       Defendant(s)

# WRIT OF ESTOPPEL/PROHIBITIO
# NOTICE OF DIVERSITY OF CITIZENSHIP

Date: 25th Day of Dhu al-Qidah 1442: [July 6, 2021]

---

As Salaam Alakum; Greetings of Peace from the Moorish Nation.

In regards to the Moorish American National Tariff Sharif Bey, you are in violation of the American constitution of 1791, Article III and Article VI. Tariff Sharif Bey is not a citizen of the United States corporation, as defined in the United States Codes Title 28 Chapter VI subchapter 176 § 3002 (15)(A). Nor a citizen of MASSACHUSETTS. Considering Tariff Sharif Bey, distinguished from and not to be identified as AARON LAMONT JOHNSON, is not one of your citizens nor residents, 'diversity' is the primal issue at law. You are hereby ordered to produce your written delegation of authority given to your office from the unincorporated body politic known as the Congress for the united States of America; per Article 1 and Article III of the American Constitution. Whereby they have given you the lawful authority to adjudicate in matters of diversity of citizenship. Per United States Codes Title 28 Part IV Chapter 85 § 1332 *Diversity of citizenship; amount in controversy; costs*. Only United States District Courts shall have original jurisdiction of all civil actions where the matter in controversy is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign State, et cetera. Failure to produce your authority within sixteen (16) days will result in a Default Judgment.

Whereas, the unconstitutional Case Number: _____ is ipso facto and Ipso Jure dismissed per Article 1 section 9 of the American Constitution. Any attempts to adjudicate on your part (agent, agency and principal) is void of law and subject to United Sates Codes Title 18 Subsection 241 and 242; Title 18 subsection 2381; et alia.

Diversity of citizenship exists if at least one party adverse to any other party in a civil or criminal action does not share the same citizenship with the other adverse party. If THE COMMONWEALTH OF MASSACHUSETTS has an issue with the Moorish American National Tariff Sharif Bey, distinguished from and not to be identified as, nor held as surety for, AARON LAMONT JOHNSON. Moorish American Consuls must be present per the American Constitution Article III and VI, which includes the Treaty of Peace and Friendship of 1786-1787 between the Moorish / Moroccan Empire and the Colonial United States of America, to include the Treaty with Algiers, Tunis and Tripoli.

 Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States. 

"The proper jurisdiction and venue for diversity of citizenship is 'Consular Court'. Once challenged, jurisdiction cannot be "assumed" it must be proven to exist." **Stuck v Medical Examiners, 94 Ca.2d 751, 211 P. 2d 389**

"The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. The motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Citations omitted; internal quotation marks omitted.) **Cogswell v. American Transit Ins. Co., 282 Conn. 505, 516 (2007).**

"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." **Hagans v Lavine, 415 U.S. 533**

"If any tribunal finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed." **Louisville Rail Road v. Motley, 211 U.S. 149, 29 S Ct. 42**

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well-established law that a void order can be challenged in any court." **OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).**

Subject matter jurisdiction is the "power to hear or determine the case." Abelleira v. District Court of Appeal (1941) 17 Cal. 2d 280, 288 [109 P.2d 942, 132 A.L.R. 715] Without subject matter jurisdiction, the court has no power to determine the case. Lack of subject matter jurisdiction therefore is such a basic defect that it can be raised at any time by any available procedure. (Cal. Practice Guide, Civil Procedure Before Trial, 3:189-190, pp. 3-64.) "[L]ack of jurisdiction is not subject to waiver and may be raised at any stage of the proceedings ...." (Jacobs v. Retail Clerks Union, Local 1222 (1975) 49 Cal. App. 3d 959, 963 [123 Cal. Rptr. 309].) The fundamental nature of subject matter jurisdiction also is recognized by statute, which provides the issue will not be waived if it is not raised in the pleadings. Barnick v. Longs Drug Stores, Inc. (1988) [No. D006125. Court of Appeals of California, Fourth Appellate District, Division One. July 29, 1988.] WILLIAM BARNICK, Plaintiff and Appellant, v. LONGS DRUG STORES, INC., Defendant and Respondent

If one of your citizens has an issue or controversy in fact or in law i.e. THE STATE OF MASSACHUSETTS, considering corporations are considered citizens within the state that they were created; per your Codes, United States District Court for the District of MASSACHUSETTS has jurisdiction on your part. If you desire to pursue this issue against the Moorish American National Tariff Sharif Bey, Moorish Consuls must be present. Then and only then is the jurisdiction and venue proper within the COMMONWEALTH MASSACHUSETTS.

Issued by my hand and seal on the ____ day of _____ 2021 Gregorian Calendar – 1442 Moorish Calendar

I am _____

All Rights Reserved UCC 1-308

From: Moorish National Government Phone #:4127750501 Fri Jul 09 05:37 2021            11 of 14



Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States.



## To: MALDEN DISTRICT COURT

Notice to the agent is notice to the principal, notice to the principal is notice to the agent. UCC 1-202: notice, knowledge. An instrument is deemed in law filed at the time it is delivered to the clerk. See *Biffe v. Morton Rubber., Inc.*, 785 S.W. 2d 143, 144 (tex. 1990).

**Case number:** *\*\*To be filed with the applicable case number\*\**  2181CR363-001, 2150CR001101

THE COMMONWEALTH OF MASSACHUSETTS

Appellant, Plaintiff, Claimant

v.

~~Tariff Shariff Bey~~
~~[AARON LAMONT JOHNSON]~~

Defendant(s)

## NOTICE OF REMOVAL

**Date:** Date: 25th Day of Dhu al-Qidah 1442: [6 July, 2021]

Pursuant to the Federal Rules of Civil Procedure Rule 11; 28 U.S.C. § 1441; 28 U.S.C. § 1332, the above referenced State case must be litigated in federal court.

Pursuant to the United States Supreme Court decision in *Younger v. Harri, 401 U.S. 37 (1971)*:

> "...when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions."

It is clearly a violation of claimants constitutionally secured right to not only face their accuser and have the signed affidavit of fact of claims made against the accused, but pursuant to Article VI of the constitution (supremacy clause) the constitution for the united States and all Treaties made shall be the supreme law of the land. It is the constitutional and treaty right of all Moors, who have issues or disputes with any citizens of the united States, their right to consul shall not be infringed. See the Treaty of Amity and Commerce between the Moroccan Empire and the Republic of the united States of America of 1786-7. The treaty granted no personam jurisdiction, subject-matter jurisdiction, nor territorial jurisdiction to the united States over any Moor / Moorish Estate, except those which pertain to article 21, which applies to the criminal act of killing or wounding a citizen of the respective nations, to which, the proper venue is consular courts (also see Sundry Free Moors act of 1790). Thus, any proceedings of a case to which a Moor is a party is a violation of that Moors constitutionally secured rights. It is written in the treaty:

Page 1 of 4




Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States.

**Article 20.** *If any of the Citizens of the United States, or any Persons under their Protection, shall have any disputes with each other, the Consul shall decide between the Parties and whenever the Consul shall require any Aid or Assistance from our Government to enforce his decisions it shall be immediately granted to him.*

**Article 21.** *If a Citizen of the United States should kill or wound a Moor, or on the contrary if a Moor shall kill or wound a Citizen of the United States, the Law of the Country shall take place and equal Justice shall be rendered, the Consul assisting at the Tryal, and if any Delinquent shall make his escape, the Consul shall not be answerable for him in any manner whatever.*

*Treaty is law of land as act of Congress is whenever its provisions prescribe rule by which rights of private citizens or subjects may be determined.* **Head Money Cases, 112 US 580, 28 L Ed 798, 5 S Ct 247.**

*State statutory provisions must yield to any applicable provisions of any treaty of the United States with a foreign country, constituting a part of the supreme law of the land.* **De Tenorio V McGowan (CA5 Miss) 510 F2d 92, adhered to (CA5 Miss) 513 F2d 294, cert den 423 US 877, 46 L Ed 2d 110, 96 S Ct 150 and later app (CA5 Miss) 589 F2d 911.**

*Treaty lawfully entered into stands on same footing of supremacy as do Constitution and laws of United States, and it is generally self-operating in that it requires no legislation by either congress or the state; treaty must be regarded as part of law of state as much as are state's own statutes, and it may override power of state even in respect of great body of private relations.* **Amaya V Stanolind Oil & Gas Co. (CA5 Tex) 158 F2d, cert den 331 US 808, 91 L Ed 1828, 67 S Ct 1191, rch den 331 US 867, 91 L Ed 1871, 67 S Ct 1530.**

*Courts cannot go behind treaty for purposes of annulling its effect and operation.* **Fellows V Blacksmith, 60 US 366, 15 L Ed 684.**

**Treaty-Based Jurisdiction: The Hague and Montreal Conventions**
*Treaty law also may provide a basis for a State's action independent of the principles of customary international law. A treaty creates obligations in States parties to it that may differ from those of customary international law, and it generally is immaterial whether customary international law points in the same or in a different direction than the treaty obligation. See, e.g., The Tunis and Morocco Nationality Decrees Case, (Great Britain v. France) 1923 P.C.I.J. (ser. B) No. 4, at 24 (Feb. 7) (Permanent Court of International Justice, predecessor of the International Court of Justice ("ICJ"), recognizing that a country's treaty obligations could supersede the general norms of customary international law for the purpose of determining which questions of nationality fall within the domaine réservé of a State); see also Clive Parry, The Sources and Evidences of International Law 33 (1965) ("[I]f two or more States have unequivocally agreed to something by treaty, in relation to the matter in hand nothing other than the treaty has much relevance.").*
https://caselaw.findlaw.com/us-2nd-circuit/1169653.html

 Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States. 

*The exercise of criminal jurisdiction was also provided for in a treaty with Morocco, 8 Stat. 100, by virtue of a most-favored-nation clause and by virtue of a clause granting jurisdiction if "any . . . citizens of the United States . . . shall have any disputes with each other." The word "disputes" has been interpreted by the International Court of Justice to comprehend criminal as well as civil disputes. France v. United States, I. C. J. Reports 1952, pp. 176, 188-189. The treaties with Algiers, 8 Stat. 133, 224, 244; Tunis, 8 Stat. [354 U.S. 1, 62] 157; and Muscat, 8 Stat. 458, contained similar "disputes" clauses. 9.* **United States Supreme Court REID v. COVERT, (1956) No. 701. Argued: May 3, 1956   Decided: June 11, 1956**

If the state courts continue with their unlawful prosecution and or conviction, they will be violating the claimants civil, national and human rights. As stated in the United States Court of Appeals, Sixth Circuit case: *Peeples v. City of Detroit, 344*; there can be no right of claim based on 'race', as it is a person's nationality that determines their political and legal status, which gives them not only standing at law, but the right to sue and enforce their constitutionally secured rights:

United States Court of Appeals, Sixth Circuit. PEEPLES v. CITY OF DETROIT 344. Nos. 17-1222. Decided: June 01, 2018

*Here, Plaintiffs allege that they were all laid off at the same time because of either race or national origin discrimination. But as is clear, Plaintiffs do not allege the exact same claims—Plaintiff Rivera alleges national origin discrimination, and the remaining Plaintiffs allege race discrimination. Therefore, the question is whether national origin and race discrimination are "substantially related." If so, Plaintiffs should be able to piggyback on Plaintiff Rivera's timely filed EEOC charge under the single filing rule, which allows both untimely or never filed claims to be joined.*

*Plaintiffs cite no case law, nor do they argue, that discrimination claims for national origin are "substantially similar" to those of racial discrimination claims of a different group. While there may be overlap between the concepts of race and national origin themselves, see, e.g., Village of Freeport v. Barrella, 814 F.3d 594, 607 (2d Cir. 2016), there is no case law to support the application of the single filing rule between the two distinct groups.*

*Therefore, we find that the remaining Plaintiffs are unable to piggyback on Plaintiff Rivera's charge. The City was placed on notice that Rivera, and others similarly situated, were alleging discrimination in the layoff process, but only of claims involving national origin. This finding comports with the goals of the notice requirement—to put the employer on notice and allow the EEOC to conciliate claims that are shared by more than one plaintiff.*

Moors are not, nor ever have been, a "14[th] amendment Citizen" of the U.S. Corporation company, nor a "US Citizen", "Federal Citizen" or a "US citizen". See title 28, chapter VI subchapter 176 subsection 3002 of the United States code – The United States is a Federal Corporation, not a



Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States.



country; and the Congressional Records: the proceedings and debates of the 90th Congress, 1st Session, Vol 113 part 12, June 12, 1967 stating that the 14th Amendment is unconstitutional, meaning the united States do not have personam jurisdiction over Moors, branded 'black' and others who are not citizens of the several States. Therefore, any and all issues or disputes between a citizen of the United States and a national or citizen of a foreign state or country, such as Morocco and the Moorish Americans, must be litigated in international court, consular court, or federal court with consul's present. Due to the issue of diversity of citizenship and nationality between Moors and the several States known as 'The United States' and the fact that any litigations in State Courts without prescribed jurisdiction is a violation of said Moors constitutional and treaty rights, thus also raising the federal question, all issues or disputes between Moors and united States citizens must be litigated within federal courts with prescribed jurisdiction. Also see:

> *The act of state doctrine precludes the courts of this country from inquiring into the validity of governmental acts of a recognized foreign sovereign committed within its own territory.* **Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804; Ricaud v. American Metal Co., 246 U.S. 304, 38 S.Ct. 3 12, 62 L.Ed. 733; Oetjen v. Central Leather Co., 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726; F. Palicio y Compania, S. A. v. Brush, 256 F.Supp. 481 aff'd, 375 F.2d 101 1 (2d Cir.), cert. denied, 389 U.S. 830, 88 S.Ct. 95, 19 L.Ed.2d 88.**

Any further issues or disputes that the State Courts or other U.S. Citizens may have be litigated in federal court with consuls from the Moroccan / Moorish nation present.

## UNDER PENALTY OF PERJURY

Under penalty of perjury and persecution from the Moorish nation, do declare and state for the record, to the best of my ability, that all claims and statements made in this affidavit are true, factually based and not made for, nor intended to be used for fraud, misrepresentation, misprision nor usurpation. A Free Moorish American national and citizen of the free National Government of Morocco,

I am: _____ All Rights Reserved. UCC1-308.
In honor of my Moabite ancestors to time immemorial, exercising the Divine and Common-Law-Right to Jus Postliminii, in accord with the high principles of Love, Truth, Peace, Freedom and Justice.
Dart Cherokee Basin Operating Co. v. Owens, 135 S.Ct. 547 (2014): 28 U.S.C. § 1146(a) *only requires that Notice of Removal contain "a short and plain statement of the grounds of removal." It does not require a defendant to provide evidentiary support for the amount in the Notice.*

From: Moorish National Government. Phone #:4127750501 Fri Jul 09 05:37 2021                                    5 of 14



Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States.



## To: MALDEN DISTRICT COURT

Notice to the agent is notice to the principal, notice to the principal is notice to the agent. UCC 1-202: notice, knowledge. An instrument is deemed in law, filed at the time it is delivered to the clerk. See *Biffe v. Morton Rubber., Inc.*, 785 S.W. 2d 143, 144 (tex. 1990).

**Case number:** **To be filed with the applicable case number**  2181CR363-001, 2150CR001101

### THE COMMONWEALTH OF MASSACHUSETTS

Appellant, Plaintiff, Claimant

v.

Tariff Sharif Bey
[AARON LAMONT JOHNSON]

Defendant(s)

# WRIT OF HABEAS CORPUS AD SUBJICIENDUM
# "THE GREAT WRIT OF LIBERTY"

Date: 25th Dhu al-Qidah 1442: [July 6, 2021]

This writ is being sent for the immediate release of Tariff Sharif Bey ex Rel. "Aaron Lamont Johnson" Pursuant to the Federal Rules of Civil Procedure Rule 11; 28 U.S.C. § 1441; 28 U.S.C. § 1332, the above referenced State case must be litigated in federal court.

Pursuant to the United States Supreme Court decision in *Younger v. Harris, 401 U.S. 37 (1971)*: "...when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions."

**Habeas Corpus:** *Lat. (You have the body) The name given to a variety of writs (of which these were anciently the emphatic words), having for their object to bring a party before a court or judge. The primary function of the writ is to release from unlawful imprisonment.* **People ex rel. Luciano v. Murphy, 160 Misc. 573, 290 N.Y.S. 101.** *The office of the writ is not to determine a prisoner's guilt or innocence, the only issue which it presents is whether the prisoner is restrained of his liberty by due process.* **Ex parte Presnell, 58 Okl.Cr. 50, 49 p.2d 232.** — Black's Law Dictionary 5th Edition, Henry Cambell Black, M. A.

**Habeas Corpus ad Subjiciendum:** *A writ directed to the person detaining another and commanding him to produce the body of the prisoner or person detained, the purpose of which is to; test the legality of the detention or imprisonment not whether he is guilty or innocent. The writ may be used to obtain review of (1) the regularity of the extradition process, (2) the right to or amount of bail and or (3) the jurisdiction of*

Page 1 of 6

   Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States.   

*a court that has imposed a criminal sentence. -The Great Writ of Liberty-* This writ is guaranteed by U.S. Constitution *article 1 subsection 9* – (Black's Law Dictionary 5th Edition, Henry Cambell Black, M. A.)28 U.S. Code § 2254. State custody; remedies in Federal courts

28 U.S. Code § 2254. State custody; remedies in Federal courts ;
a) The Supreme Court, a Justice thereof, a circuit judge, or a district court, shall entertain an application for a writ of habeas corpus, on behalf of a person in custody pursuant to the judgment of a state court . Only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S. Code § 2241. c) The writ of habeas corpus shall not extend to a prisoner unless—

(1)He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(3)He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations.

It is a constitutionally secured right to not be held to answer for a capital, or otherwise infamous crime, unless on indictment of a grand jury, be deprived of life, liberty, or property without due process of law supported by the 5th Amendment of the Bill of rights (stare decisis) of the American Constitution and the common law; "There can be no sanction or penalty imposed upon one because of the exercise of a constitutional right." **Sherar v. Cullen, 481 F. 945 (9th Cir. 1973) Spevack v. Klein, 385 U.S. 511 (1967) GARRITY v. NEW JERSEY, 385 U.S. 493 (1967) BOYD v. U S, 116 U.S. 616 (1886) MALLOY v. HOGAN, 378 U.S. 1 (1964).**

As a matter of public interest and to ensure the dealing with a legally and lawfully competent court with prescribed Jurisdiction per Article III and Article I section 8 clause 9 of the American constitution. The demand is made to see the Judges Oath or Affirmation/Certificate of Engagement to support and defend the constitution for America in regards to this matter. As it has been declared, made known and substantiated in **Stone v. Powell 428 US 465, 6 S. Ct 3037, 49 L. Ed. 2d 1067**, that state courts like federal courts have a constitutional obligation to safeguard personal liberties and uphold federal law to protect people from encroachment and molestation of their preexisting rights.



Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States.



This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any thing in the Constitution or Laws of any State to the contrary notwithstanding. **Article 6, Section 2, United States Constitution**

Treaty rights in use of international boundary streams cannot be interfered with by state statutes, and treaty is to be liberally construed in favor of such rights. **Slide & Boom Co. (CA8 Minn) 52 F2d 550**

Considering the Constitution and all Treaties made is the supreme law of the land, set at article 6, being a contract; the federal (contract) law is the American constitution. Being an Article III Judge, you are deemed to know law and this case must be dismissed. Tariff Sharif Bey being a Moorish American National stands an issue of diversity of citizenship in support of the **Act of State Doctrine.**

States cannot make treaties and therefore, have no jurisdiction; being of a Treaty Nature the Jurisdiction is Federal. Any Jurisdiction claimed without mutual agreement within the prescribed proper forum, is void of Law. Federal and State officials must set up Consular Courts to have lawful jurisdiction in Moorish affairs.

If provisions are not made to address Foreign Relations and Intercourse in a Consular court, as prescribed by law, then no jurisdiction exists. A court of General sessions, congressionally sanctioned, in accord with National Constitutions and Treaties, with Consuls and officials representing both nations/nationals, present and In Propria Persona, is the proper jurisdiction. The act of state doctrine states that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one state will not sit in judgment of another government's acts done within its own territory.

It is a constitutional and secured right to have faced the accuser and to be informed with the nature of the accusations made against. According to the 6th Amendment and under the rule of discovery, Tariff Sharif Bey has the right to see the sworn and signed affidavit of the alleged injured party, as well as to know who the injured party is to which, obligated to provide remedy to. If there is no injured party present nor the agent of the injured party with a contract between

 

Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States.

the injured party and his/her agent, who also entered into the record a sworn affidavit of claims and can attest to the same then that stands as prima facie evidence that there is no case. Therefore, the case and the alleged charges must be dropped.

If the Judge does not have his/her Oath of Affirmation/Certificate of Engagement readily available to verify that he is in fact an Article III judge with the lawfully prescribed power to adjudicate, then this is a private commercial court, to which all parties involved with the exception of Tariff Sharif Bey, are co-conspirators in attempts to extort finances form me. Thus, chargeable under **Title 18 U.S. Code § 241** - Conspiracy against rights; **Title18 U.S. Code § 242** - Deprivation of rights under color of law; **Title 18 U.S. Code Chapter 41** - Extortion and threats; **Title 18 U.S. Code § 880** - Receiving the proceeds of extortion; et alia (and others).

The Constitutional and Treaty rights of all Moors, who have issues or disputes with any citizens of the United States and their right to counsel shall not be infringed. Proceedings of a case to which a Moor is a party is a violation of that Moors constitutionally secured rights; therefore any Moor within state custody must be released; even so, any Moor held in state or federal court under the masquerade of criminal charges with **(no injured party)** present must be released forthwith. It is written in the treaty and in accordance with

> *Article 20. If any of the Citizens of the United States, or any Persons under their Protection, shall have any disputes with each other, the Consul shall decide between the Parties and whenever the Consul shall require any Aid or Assistance from our Government to enforce his decisions it shall be immediately granted to him.*
>
> **Article 21.** *If a Citizen of the United States should kill or wound a Moor, or on the contrary if a Moor shall kill or wound a Citizen of the United States, the Law of the Country shall take place and equal Justice shall be rendered, the Consul assisting at the Tryal, and if any Delinquent shall make his escape, the Consul shall not be answerable for him in any manner whatever.*
>
> *Treaty is law of land as act of Congress is whenever its provisions prescribe rule by which rights of private citizens or subjects may be determined.* **Head Money Cases, 112 US 580, 28 L Ed 798, 5 S Ct 247.**
>
> *State statutory provisions must yield to any applicable provisions of any treaty of the United States with a foreign country, constituting a part of the supreme law of the land.* **De Tenorio V McGowan (CA5 Miss) 510 F2d 92, adhered to (CA5 Miss) 513 F2d 294, cert den 423 US 877, 46 L Ed 2d 110, 96 S Ct 150 and later app (CA5 Miss) 589 F2d 911.**
>
> *Treaty lawfully entered into stands on same footing of supremacy as do Constitution and laws of United States, and it is generally self-operating in that it requires no legislation by either congress or the state; treaty must be regarded as part of law of state as much as are state's own statutes, and it may override power of state even in*

Case 1:21-cv-11505-NMG   Document 1   Filed 09/14/21   Page 15 of 17

From: Moorish National Government. Phone #:4127750501 Fri Jul 09 05:37 2021                9 of 14




Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States.

*respect of great body of private relations.* **Amaya V Stanolind Oil & Gas Co. (CA5 Tex) 158 F2d, cert den 331 US 808, 91 L Ed 1828, 67 S Ct 1191, reh den 331 US 867, 91 L Ed 1871, 67 S Ct 1530.**

*Courts cannot go behind treaty for purposes of annulling its effect and operation.* **Fellows V Blacksmith, 60 US 366, 15 L Ed 684.**

**Treaty-Based Jurisdiction: The Hague and Montreal Conventions**
*Treaty law also may provide a basis for a State's action independent of the principles of customary international law. A treaty creates obligations in States parties to it that may differ from those of customary international law, and it generally is immaterial whether customary international law points in the same or in a different direction than the treaty obligation. See, e.g., The Tunis and Morocco Nationality Decrees Case, (Great Britain v. France) 1923 P.C.I.J. (ser. B) No. 4, at 24 (Feb. 7) (Permanent Court of International Justice, predecessor of the International Court of Justice ("ICJ"), recognizing that a country's treaty obligations could supersede the general norms of customary international law for the purpose of determining which questions of nationality fall within the domain réservé of a State); see also Clive Parry, The Sources and Evidences of International Law 33 (1965) ("[I]f two or more States have unequivocally agreed to something by treaty, in relation to the matter in hand nothing other than the treaty has much relevance.").* https://caselaw.findlaw.com/us-2nd-circuit/1169653.html

*The exercise of criminal jurisdiction was also provided for in a treaty with Morocco, 8 Stat. 100, by virtue of a most-favored-nation clause and by virtue of a clause granting jurisdiction if "any . . . citizens of the United States . . . shall have any disputes with each other." The word "disputes" has been interpreted by the International Court of Justice to comprehend criminal as well as civil disputes. France v. United States, I. C. J. Reports 1952, pp. 176, 188-189. The treaties with Algiers, 8 Stat. 133, 224, 244; Tunis, 8 Stat. [354 U.S. 1, 62] 157; and Muscat, 8 Stat. 458, contained similar "disputes" clauses. 9.* **United States Supreme Court REID v. COVERT, (1956) No. 701. Argued: May 3, 1956   Decided: June 11, 1956**

Moors are not, nor ever have been, a "14th amendment Citizen" of the U.S. Corporation company, nor a "U.S. Citizen", "Federal Citizen" or a "US citizen". (See) **title 28, chapter VI subchapter 176 subsection 3002 of the United States code – The United States is a Federal Corporation, not a country. The Congressional Records: the proceedings and debates of the 90th Congress, 1st Session, Vol 113 part 12, June 12, 1967**; stating that the 14th Amendment is unconstitutional; Meaning the United States does not have personam jurisdiction over Moors, branded, 'black' and others who are not citizens of the several States. Therefore; any and all issues, disputes between a citizen of the United States and a national or citizen of a foreign state or country, such as Morocco and the Moorish Americans, must be litigated in international court, consular court, or federal court with consul's present. Due to the issue of diversity of citizenship and nationality between Moors



Treaty of Peace and Friendship of 1787 between the Empire of Morocco and the United States.



and the several States known as 'The United States' and the fact that any litigations in State Courts without prescribed jurisdiction is a violation of said Moors constitutional and treaty rights, thus also raising the federal question, all issues or disputes between Moors and united States citizens must be litigated within federal courts with prescribed jurisdiction. **(also see articles 3 sections 1, 2, and 3 of the constitution)**

In addition, Tariff Sharif Bey, is still innocent until proven guilty ( and a verdict has not been reached yet. With the current Corona Virus pandemic, the Moorish American Nationals lives are being further put at great risk.

Any further issues or disputes that the State Courts or other U.S. Citizens may have been litigated in federal court with consuls from the Moroccan / Moorish nation present.

## UNDER PENALTY OF PERJURY

Under penalty of perjury and persecution from the Moorish nation, do declare and state for the record, to the best of my ability, that all claims and statements made in this affidavit are true, factually based and not made for, nor intended to be used for fraud, misrepresentation, misprision nor usurpation. A Free Moorish American national and citizen of the free National Government of Morocco,

I am: _____ All Rights Reserved. UCC 1-308
In honor of my Moabite ancestors to time immemorial, exercising the Divine and Common-Law-Right to Jus Postliminii, in accord with the high principles of Love, Truth, Peace, Freedom and Justice.