```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| TARIFF SHARIF BEY )<br>A/K/A AARON LAMON JOHNSON, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE COMMONWEALTH OF )<br>MASSACHUSETTS, )<br>Defendant. ) | Civil Action No.<br>21-11505-NMG |

                    **MEMORANDUM AND ORDER**

GORTON, J.

For the reasons set forth below, plaintiff has not sufficiently alleged a basis for this Court's jurisdiction and, accordingly, the case is dismissed pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

I.   Background

On September 14, 2021, Tariff Sharif Bey ("Bey"), a pretrial detainee in custody at the Middleton House of Correction, initiated this action by filing a pro se "Affidavit of Fact and Writ of Error." Docket No. 1 ("Affidavit"). Attached to Bey's Affidavit are several documents including a notice of removal, id. at p. 7, and a writ of habeas corpus, id. at p. 11.

In his Affidavit, Bey states that he is a "Moor-American National" and "a Citizen of the Free National Government of Morocco." Id. at p. 1. Bey seeks removal and/or dismissal of

his pending criminal action from state court to this federal court. Id. at p. 3. Bey was indicted in the Middlesex Superior Court.[1] See Commonwealth v Johnson, No. 2181-CR-00363 (Mass. Super. Ct. Sept. 21, 2021), see also Affidavit, p. 5.

Bey contends that as a Moorish citizen, such "disputes must be litigated in federal courts" and that "[a]ny other venue is without jurisdiction." Id. at p. 2. Because Bey did not pay the filing fee nor seek a waiver of prepayment of the filing fee when initiating this action, the Court issued a Procedural Order regarding resolution of the filing fee. See Docket No. 3. Now before the Court are Bey's application for leave to proceed in forma pauperis and prison account statement. Docket Nos. 4, 9.[2]

## II. Legal Standard

---

[1] It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990). The Court therefore takes judicial notice of the pending Superior Court prosecution. See Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014) ("a judge can mull over 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice' ") (quoting Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008)); see also United States v. Mercado, 412 F.3d 243, 247 (1st Cir. 2005) (taking judicial notice of state court proceeding's docket, which was not part of record).

[2] Also pending is an application for leave to proceed in forma pauperis that was filed by Lucha El Por Libertad, who is not a party to this action. See Docket.

Because Bey is proceeding pro se, the Court will construe his pleadings generously. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). However, Bey has not sufficiently alleged a basis for this Court's jurisdiction and, accordingly, this action will be dismissed.

A court has an obligation to inquire into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction concerns the types of cases that a federal district court has the power to adjudicate, or, in other words, a court's "power to issue [an] order." U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 77 (1988).

Because this Court finds that it is without jurisdiction, Bey's Affidavit will not be screened under 28 U.S.C. §§ 1915(e)(2), 1915A(b), which authorize federal courts to dismiss a complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

**III. Discussion**

The Court must abstain from Bey's request to have this Court intervene to dismiss and/or remove Bey's pending state court criminal proceeding pursuant to the Younger abstention doctrine. Younger v. Harris, 401 U.S. 37 (1971). Under Younger v. Harris, 401 U.S. 37, 41 (1971), "a federal court must abstain from reaching the merits of a case over which it [otherwise] has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996). Under the Younger doctrine of abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights." In re Justices of Superior Court Dep't of Massachusetts Trial Court, 218 F.3d 11, 17 (1st Cir. 2000). The Younger doctrine is implicated where the federal claims can be "raised and resolved somewhere in the state process." Maymó-Meléndez v. Alvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004).

Although Bey complains of certain due process violations, such claims are capable of being raised and resolved in the context of the pending state proceeding. Accordingly, the

requirements for Younger abstention are met, making abstention mandatory in the absence of an applicable exception. See Mass. Delivery Ass'n v. Coakley, 671 F.3d 33, 39 (1st Cir. 2012) (standard of review and general principles).

To the extent Bey's pleading can be construed as a notice of removal, he has not met the requirements for removal under Section 1443(1)[3] or Section 1443(2).[4] Additionally, 28 U.S.C. § 1441(a)[5], 28 U.S.C. § 1441(b)[6], and 28 U.S.C. § 1441(d)[7] do not provide authority for the removal of Bey's pending criminal case

---

[3] Section 1443(1) allows a defendant to remove to federal court a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

[4] Section 1443(2) allows a defendant to remove to federal court a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2).

[5] Section 1441(a) provides that civil actions that could have been brought originally in federal court may be removed from state court. 28 U.S.C. § 1441(a).

[6] Section 1441(b) governs removals based on diversity of citizenship. 28 U.S.C. §1441(b). However the diversity statute, 28 U.S.C. § 1332, does not apply where the defendant is attempting to remove a criminal case from state to federal court. United States v. Williams, No. 15-3239, 2015 WL 6824047, at n. 3 (D. Minn. Sept. 29, 2015)

[7] Section 1441(d) addresses removal involving foreign states. 28 U.S.C. § 1441(d).

to this Court. Section 1455(b)(4) authorizes the court to remand summarily those state criminal prosecutions that do not appear on the face of the removal documents to be properly removed. 28 U.S.C. § 1455(b)(4).

Finally, although Bey argues that removal is proper because he is a Moor-American National, such arguments have been consistently rejected by federal courts, and this Court finds Bey's argument without merit. See e.g. Maryland v. Ghazi-El, CR RDB-16-0207, 2016 WL 2736183, at *2 (D. Md. May 11, 2016) (noting that "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a court's jurisdiction in criminal prosecutions. Contrary to Defendant's assertions, his purported status as a Moorish-American citizen does not enable him to violate state laws without consequence. Therefore, the argument that a person is entitled to ignore . . . [state laws] . . . by claiming membership in the Moorish-American nation is without merit.") (citations, punctuation and quotations omitted); South Carolina v. Ali, No. 12-2629, 2012 WL 6765732, at *1 (D.S.C. Dec. 4, 2012) (collecting cases and holding "the defendant's purported ground for removal based on the premise that he should not be prosecuted for a violation of the law of the State of South Carolina because he is an Aboriginal Indigenous Moorish-American is frivolous on its

6

face."), report and recommendation adopted, No. 12-2629, 2013 WL 57715 (D.S.C. Jan. 4, 2013).

## IV. Conclusion

Accordingly, the Court must abstain from intervening in and/or removing Bey's pending criminal proceeding. Where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal <u>sua sponte</u> is appropriate. <u>Garayalde-Rijos v. Municipality of Carolina</u>, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted). Given the nature of Bey's pleadings, any amended pleading would appear to be based upon the frivolous legal theory that the Commonwealth courts lack jurisdiction because of Bey is a Moor-American National. <u>See</u> <u>Gooden-El v. Tarrant County, Texas</u>, No. 20-cv-116-O, 2021 WL 793758, at *3 (N.D. Tex. Mar. 2, 2021) (denying leave to amend "because any amended complaint would still be based on a frivolous 'sovereign citizen' theory, this deficiency cannot be cured through an amendment to the complaint.).

In light of the above, amendment would be futile and this action is dismissed pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

## V. Order

Accordingly, it is hereby Ordered that:

7

1. This action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

2. The Clerk shall enter a separate order of dismissal and terminate the pending motions.

3. To the extent the pro se Affidavit is construed as a notice of removal, the Clerk shall issue a separate order of remand pursuant to 28 U.S.C. § 1455(b)(4), and send a copy to the Clerk of the Middlesex Superior Court.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: February 9, 2022